**Ralph E. VIDAL, Plaintiff,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

United States District Court
S. D. New York.

Aug. 2, 1963.

Edward G. Dougherty, New York City, for plaintiff; Peter M. J. Reilly, Roland J. Tellier, New York City, of counsel.

Gerald E. Dwyer, New York City, for defendant; C. Austin White, New York City, of counsel.

COOPER, District Judge.

This is an action for personal injuries allegedly sustained by plaintiff on November 23, 1957 during the course of his employment by defendant. The case was tried before the court without a jury on May 16 and 17, 1963. The suit was brought pursuant to the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq.

Plaintiff alleges that while so employed as an upholsterer, he was injured when he undertook to sew strips of carpet in defendant's upholstery shop. During that work, a clamp which held the carpet taut slipped; this caused the carpet to move; he was thrown to the ground. The principal injuries allegedly sustained— a possible herniated disc, a lumbosacral sprain, and post traumatic neurosis.

The work so performed by plaintiff consisted of sewing together two pieces of narrow carpet strips. In order to line up the strips of carpet for sewing, it became necessary to hold them taut in a horizontal position. This was achieved by attaching a clamp on one end (west end) of the carpet strips and placing an ice pick behind the clamp to keep it from slipping. The clamp in turn was attached to a cable which was imbedded in the west wall. On the other end (east end), another clamp was affixed to the carpet strips there. This clamp was also attached to a cable which ran through a hand winch attached to the east wall. Once the winch pulled the two strips of carpet taut, five clamps attached to an overhead pipe were affixed to the top of the strips of carpet. Plaintiff then used a hand sewing machine to stitch a seam in the edge of the carpets so held together by the overhead clamps.

Plaintiff testified that at about 4 P.M. on November 23, 1957, while sewing the strips of carpet together, he had cause to remove one of the overhead clamps; that when he lifted the strips to replace this clamp, the side clamp on the west end slipped up and off the carpet, causing the carpet to move to the east; that he was knocked down and sustained injuries.

Plaintiff contends that defendant was negligent in three respects. First, in failing to provide him with a safe place to work. Second, in failing to provide adequate help to enable plaintiff to do his job safely. Third, in providing him with de-

fective equipment, namely, a defective clamp.

As to the first contention, the record is completely barren of any evidence that would tend to establish that defendant did not provide plaintiff with a safe place to work. Plaintiff's own statements on cross examination would appear to establish the contrary. Accordingly, plaintiff has failed to satisfy his burden of proof on this issue.

As to the second contention, it is clear from the record that at the time plaintiff was injured (while releasing and replacing the overhead clamp) the job required the services of only one man. Although additional help may have been needed to set the strips of carpet up initially, the alleged accident and injury did not occur at that stage of the work.

As to the last contention, plaintiff's position is twofold: (a) that the teeth on the side clamp that slipped (west side) were so worn that they could not grip the strips of carpet properly, and (b) that a small spring was missing from this clamp which if present would have prevented the clamp from slipping. On inspection of all the testimony and exhibits, this court finds the plaintiff has failed to prove by a fair preponderance of the credible evidence that the clamp was in any way defective.

It should be noted that although expert at his trade, plaintiff testified he observed that the clamp was defective before the accident occurred but did not report it or try and get a safe one. Defendant's witnesses testified that the clamp was inspected soon after the accident and found to be in good working condition; that this same clamp was continuously used after the accident without mishap. Plaintiff has failed to satisfy his burden of proof on this issue.

Even if this court could find that the spring on the clamp was missing as alleged by plaintiff, defendant would still not be liable. From the testimony of plaintiff on cross examination and defendant's experts, it satisfactorily appears that the only function of the spring was to keep the jaws of the clamp together so it could be affixed to the carpet without falling. Once the carpets were made taut it played no part in the operation.

It might be observed that had plaintiff sustained his burden and proved the clamp defective, defendant's negligence would still not be conclusively established. We are here dealing with a clamp—not a complex instrumentality the functional nature of which might be unknown to the user. "In short, in order for the defendant to have been negligent, not only must there have been evidence of defective equipment, but also evidence of actual or constructive knowledge of this condition by the defendant." Miller v. Cincinnati, New Orleans & Texas Pacific Ry. Co., 203 F.Supp. 107, 111 (E.D.Tenn.1962), and cases cited therein. The record is devoid of testimony on this score.

Since this court has determined that plaintiff has failed to prove that defendant was negligent in any way, no reference to the question of proximate cause of the injuries need be made.

The court feels constrained to discuss certain aspects of the medical testimony. Plaintiff's medical expert testified that on May 16, 1961, he examined plaintiff for the first time, and after subsequent examinations had him admitted to Lenox Hill Hospital for certain tests. He testified he learned that plaintiff had been involved in other accidents in 1952, 1959 and 1960, the details of which were to him unknown. Nevertheless, plaintiff's doctor was able to testify with reasonable medical certainty that plaintiff was suffering from lumbosacral sprain and post traumatic neurosis attributable solely to the accident of November 23, 1957.

On cross examination, plaintiff's doctor was asked if he knew that in the accidents of 1952 and 1960 the plaintiff, by his own admission, had sustained injuries to the back and post cerebral concussion, and that in the accident in 1959 he sustained a head injury. The doctor replied that he did not have this information when he formed, and testified to, his medical opinion. When asked whether such opinion in this case would have been otherwise had he known the history of the

1952, 1959 and 1960 accidents he testified, "Yes, it would have been different" (Tr. 112). Clearly plaintiff's medical expert based his medical conclusion as to the cause of the injuries on insufficient facts.

The state of the record compels this court to find that had plaintiff proven defendant's negligence, he still failed to prove by a fair preponderance of the credible evidence that the injuries alleged were proximately caused by that accident.

From the entire proof, both quantitatively and qualitatively, the evidence fails to establish any defendant's liability.

The complaint should be and hereby is dismissed.

This opinion shall constitute the court's findings of fact and conclusions of law.

So ordered.